AO106(Rev.5/85) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person, property, or premises to be searched)

3125 E Street, SE, Washington, DC

## APPLICATION AND AFFIDAVIT
## FOR SEARCH WARRANT

CASE NUMBER:

(Further described below)

I    Kirk Delpo    being duly sworn depose and say:

I am a(n)    Detective with the Metropolitan Police Department    and have reason to believe
              (Official Title)

**that** (name, description and or location): The entire premises located at 3125 E Street, S.E., Washington, DC and to include the detached shed located in the rear yard along with any abandon vehicles parked on the property or associated to the property. The premises is described as a detached single family home yellow in color with white awnings and a white in color front door. The numerals 3125, which are colored in black are affixed to the front of the building to the left side of the front door.

**in the District of Columbia, there is now concealed a certain person or property, namely** (describe the person or property to be searched): Documents relating to the shipment of FedEx pkgs. And other type mailings, finances, assets and other information in conjunction with the sale and distribution of a known illegal substance named phencyclidine (PCP). Specific documents include but are not limited to shipping receipts, business logs, packaging materials, proceeds derived from the sale and distribution of PCP and/or other paraphernalia located within the residence as well as documents indicating proof of ownership over illegal items and/or items related to illegal activities.

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure): Evidence

concerning a violation of Title  21  United States Code, Section(s) 841 (a) . The facts to support a finding of Probable Cause are as follows:

SEE ATTACHED AFFIDAVIT AND ATTACHMENT A THERETO WHICH ARE INCORPORATED HEREIN BY REFERENCE AS IF FULLY RESTATED HERE.

Continued on the attached sheet and made a part hereof.    ☐ YES   ☐ NO

William J. O'Malley,
OCNT
(202)202-305-1749

Signature of Affiant

Sworn to before me, and subscribed in my presence

_____            at Washington, D.C.
Date

_____            _____
Name and Title of Judicial Officer          Signature of Judicial Officer

AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT FOR THE ENTIRE PREMISES OF 3125 E STREET SOUTHEAST WASHINGTON, D.C., AND TO INCLUDE THE DETACHED SHED LOCATED IN THE REAR YARD ALONG WITH ANY ABANDON VEHICLES PARKED ON THE PROPERTY OR ASSOCIATED TO THE PROPERTY. THIS BUILDING IS DESCRIBED AS A DETACHED SINGLE FAMILY HOME YELLOW IN COLOR WITH WHITE AWNINGS AND A WHITE IN COLOR FRONT DOOR. THE NUMERALS 3125, WHICH ARE COLORED IN BLACK ARE AFFIXED TO THE FRONT OF THE BUILDING TO THE LEFT SIDE OF THE FRONT DOOR.

The undersigned affiant, Kirk Del Po has been a police officer with the Metropolitan Police Department Washington, D.C. for the past twenty two years and has worked as a narcotics investigator with the Fifth District Vice Unit from December of 1985 until December of 1992, your affiant was then assigned to the Narcotics Branch as a detective. During this time your affiant spent six months assigned to the Intelligence Branch working on violent offenders. Your affiant is currently still assigned to the Narcotics and Special Investigations Unit. During this time your affiant has conducted numerous narcotics investigations that have resulted in the execution of numerous narcotics search warrants. These warrants have led to the arrest of individuals for both narcotics and firearms related offenses. These warrants have also led to the seizure of narcotics, firearms and other related items of evidence. Your affiant has attended several classes and lectures given by the Metropolitan Police Department and other law enforcement agencies, on both narcotics related matters and general law enforcement topics. Based upon this affiant's training and experiences and participation in other investigations involving controlled dangerous substances (CDS), I know:

   a. That narcotics traffickers often purchase and/or title their assets in fictitious names, aliases or the names of relatives, friends, or associates.
   b. That narcotics traffickers maintain on hand large amounts of U.S. Currency in order to maintain and finance their narcotics business.
   c. That narcotics traffickers maintain books, records, receipts, notes, ledgers, money orders, and other papers relating to the transportation, ordering, sale and distribution of controlled substances.
   d. That narcotics traffickers conceal proceeds of narcotics sales and records of narcotics transactions in secure locations within their residence, business, safe deposit boxes, or other locations over which they maintain dominion and control and to which they have ready access.
   e. That narcotics traffickers take or cause to be taken photographs of themselves, their associates, their property, and their product, using still and video cameras. That these traffickers usually maintain these photographs in their residence, businesses, safe deposit boxes, and other locations over which they have dominion and control for ready access
   f. That narcotics traffickers commonly maintain books or papers which reflect the names, address and/or telephone numbers of their suppliers, couriers, customers, and other associates in their illegal drug trade, and that it is common for traffickers to maintain the aforementioned documents so that the drug traffickers have ready access to such information.
   g. That narcotics traffickers often conceal contraband, scales, bags, packaging materials and other paraphernalia in locations within their residence or business including in safe deposit boxes, abandoned vehicles on the property and sheds, garages and other outbuildings on the property as well as other locations over which they maintain dominion and control.

    h. That narcotics traffickers often utilize cellular telephones and/or other portable telephones so as to make it more difficult for law enforcement authorities to identify and/or intercept their conversations. That these traffickers utilize various types of electronic equipment to maintain contact between themselves, to include digital pagers, scanners and telephone recording devices.
    i. That narcotics traffickers commonly have in their possession, that is on their person, at their residence, and/or businesses, firearms, including but not limited to: handguns, pistols, revolvers, shotguns, machine guns and other weapons. These weapons are used to protect and secure the drug traffickers property, to include all items referenced above.
    j. That narcotics traffickers will commonly maintain the above referenced items in their residence, businesses, safe deposit boxes, and other locations over which they maintain dominion and control, for extended periods of time, to include periods when they are still not actively selling controlled dangerous substances.
    k. That narcotics traffickers will often time maintain separate residences to store and conceal from law enforcement and rival narcotics traffickers the aforementioned items and their (CDS) controlled dangerous substances which they are selling.
    l. individuals possessing large quantities of liquid PCP would be possessing it for the purpose of distribution. That these subjects would commonly have in their possession and/or residence, safe houses, business items to re-package the liquid PCP into smaller size quantities for resale.

FACTS:

    On December 6, 2006, two parcels were excepted by FedEx shipping company in Los Angeles California, for the purpose of delivery. The parcels were identified as shipping boxes that were assigned tracking numbers 856643144565 and 793654901975. The shipping labels on the parcels showed that they were sent by Vincent Grahm, Grahm ENT, 8800 Sepulveda West Way, Los Angeles, CA., 90045, and they were to be delivered to A Tucker, 3125 E. St., S.E. , Washington, D.C., 20019, telephone 202-489-2443.
    The parcel with shipping number 793654901975 was damaged during shipment and leaked a liquid that was determined to be phencyclidine (PCP) based upon the unusual and easily recognized very strong odor given off by PCP. The second box with shipping number 856643144565, which was similar in almost every way and therefore also suspected to contain PCP, was turned over to Detective Thomas Sydnor of the Metropolitan Police Department. Detective Sydnor obtained and executed a search warrant for this parcel. The parcel was found to contain five 750ml bottles that contained a liquid that had a strong chemical odder of PCP (phencyclidine).
    In your affiant's experience when drug traffickers attempt to send narcotics through the mail or by some commercial delivery service, the address of the sender is either fictional or bears no connection to the package. The address of 8800 Sepulveda West Way, Los Angeles, California, was checked through the postal records and was determined to be an invalid address.
    The address of 3125 E Street Southeast Washington, D.C. 20019, is known to be the home address of Sharon R. Tucker. On December 12, 2006 your affiant observed a 2004 Toyota bearing D.C. tags BW2416 parked in front of 3125 E Street, S.E., Washington, D.C. This vehicle is currently registered to Sharon Tucker at the same address. The address is also associated to her son Antoine Depree Richards, date of birth February 4, 1975. Richards still maintains a current District of Columbia drivers permit for 3125 E Street, S.E., Washington, D.C., and has a 2007 Chevrolet,

vehicle identification number 3GNFK12347G123590, District of Columbia tag number CP7663. In fact Richards has had as many as ten vehicles listed to that address. There are no known individuals associated with that address with the last name Tucker and the initial A. Based upon Richards connection to the proposed search site and its residents, your affiant submits that "A. Tucker" is an alias for Antoine Depree Richards who is using that address to receive illegal PCP shipments and that alias to disassociate himself from those shipments in the event of law enforcement inquiry.

Based upon discussions with agents of the Federal Bureau of Investigation (FBI) your affiant knows that in 2004 pursuant to a cooperation plea agreement Richards entered a plea of guilty to a count of an Indictment charging conspiracy to distribute and possess with intent to distribute heroin and cocaine. In pursuit of his cooperation Richards assisted the FBI in the investigation of a PCP distribution conspiracy in which the PCP originated in California and was sent to the Washington area by various methods.

Based on the aforementioned information your affiant has probable cause to believe that the aformentioned items are being kept and stored from within the premises of 3125 E Street, S.E., Washington, D.C., which is in violation of 21 United States Code, §§ 841(a)(1) and 846. It is therefore respectfully requested that a search warrant be issued for the entire premises of 3125 E Street, S.E., Washington, D.C., for the items set out in Attachment A, incorporated herein by reference, and to include any safes or other similar storage cabinets, any and all narcotics, narcotics paraphernalia, books, records, ledgers, notebooks, proof of residence, and records or documents regarding the accumulation and disposition of proceeds derived from the illegal sale of narcotics.

    KIRK DEL PO, Detective
    Metropolitan Police Department

Subscribed to and sworn before me this _____ day of December, 2006.

    JOHN M. FACCIOLA, Magistrate Judge
    United States District Court
     for the District of Columbia

ATTACHMENT A

    a. Phencyclidine (PCP).

    b. Books, records, receipts, notes, ledgers, and other papers relating to the transportation, ordering, purchase and distribution of controlled substances, including PCP.

    c. Address and telephone books and papers reflecting names, addresses or telephone numbers.

    d. Books, records, receipts, bank statements, and records, money drafts, letters of credit, money order and cashiers checks, receipts, pass books, bank checks and any other items evidencing the obtaining, secreting, transfer, or concealment of assets in the obtaining, secreting, transfer, concealment or expenditure of money.

    e. Electronic equipment, such as telex machines, facsimile machines, telephone answering machines, telephone paging devices, currency counting machines, and any information stored in memory or contained in any related hardware and software.

    f. United States currency, precious metals, jewelry and financial instruments, including but not limited to, stocks and bonds.

    g. Photographs, in particular, photographs of conspirators, of assets, or of controlled substances, and other documents identifying associates and conspirators.

    h. Paraphernalia for packaging, cutting, weighing and distributing controlled substances, including but not limited to small glass containers, jars, or bottles.

    i. Indicia of occupancy, residency, or ownership of the premises, including but not limited to, utility and telephone bills, canceled envelopes, and keys.

    j. Any and all electronic data processing and storage devices, computers and computer systems, keyboards, Central Processing Units, external and/or internal drives, external and internal storage devices such as magnetic tapes and/or disks or diskettes, together with system documentation, operating logs and documentation, software and instruction manuals, passwords, test keys, and encryption codes or similar codes that are necessary to access computer programs.

    k. Any locked or closed containers believed to contain any of the above listed evidence.